IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRANDON JOSEPH CUDA, #A5011935,<br><br>Plaintiff,<br><br>vs.<br><br>EMPLOYEES/CONTRACTORS/ AGENTS AT OR OCCC AND OR DEP'T PUBLIC SAFETY,<br><br>Defendants.<br>_____ | CIV. NO. 19-00084 DKW-KJM<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND |

Before the Court is pro se Plaintiff Brandon J. Cuda's prisoner civil rights Complaint. Cuda names "Employees/Contractors/agents at or OCCC and or Dept. Public Safety," whom he describes as "John & Jane Does & Entities (1-10)," as Defendants in their official and individual capacities (collectively, "Defendants").[1] Compl., ECF No. 1, PageID #1. Cuda alleges Defendants violated his civil rights by housing him in allegedly overcrowded condition at OCCC from November 1, 2018, until he filed the Complaint on February 15, 2019.[2]

---

[1] The Court therefore assumes John and Jane Does 1-10 are the Hawaii Department of Public Safety ("DPS"), the Oahu Community Correctional Center ("OCCC"), and unnamed DPS and OCCC officials and staff.

[2] Cuda was convicted, sentenced, and released on 03/28/2019 in *State v. Cuda*, 1CPC-18-0001709 (Haw. 1st Cir. 2018). *See*: http://www.courts.state.hi.us/1CPC-18-0001709.

For the following reasons, the Complaint is dismissed with leave to amend. Cuda's claims against DPS and OCCC, and for injunctive relief fail to state a cognizable claim for relief and are DISMISSED with prejudice.

Cuda's allegations of overcrowding at OCCC state a plausible cause of action. Cuda does not provide sufficient facts to explain what John or Jane Does 1-10 did or failed to do that violated his rights, however, as is required to proceed with a pleading naming only Doe Defendant. Moreover, even if Cuda can amend his claims to provide sufficient facts regarding John and Jane Does' personal involvement with his claims, his pleadings cannot be served until they are identified.

## I. <u>STATUTORY SCREENING</u>

The court performs a pre-answer screening of all prisoner and in forma pauperis complaints pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1108, 1121 (9th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555 (stating Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation"). The "mere possibility of misconduct" falls short of meeting this standard. *Iqbal*, 556 U.S. at 555; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

### A. Claims

Cuda alleges that he was housed in a two-man cell with three other prisoners from November 1, 2018, until at least February 15, 2019, when he filed the Complaint. Cuda claims that he was forced to sleep and eat on the floor this entire time, and alleges that these overcrowded conditions resulted in "physical altercations" with his cell mates. Compl., ECF No. 1, PageID #5. Cuda has ulcerative colitis which requires easy access to a toilet, which he alleges made it particularly difficult for him to be housed in a two-man cell with three other inmates. Cuda says that he has raised these issues with prison officials multiple times, but received no relief. He seeks damages and injunctive relief.

## B. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Cuda names DPS, OCCC, and their officials and staff as Defendants in their official capacities. Cuda cannot state a claim for damages against DPS, a state

5

agency, or OCCC, a state prison facility, and these claims are DISMISSED with prejudice.

Further, Cuda's release from OCCC moots his claims for prospective injunctive or declaratory relief. "When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991). "In such circumstances, the inmate's claim is moot because he 'no longer is subjected to [the allegedly unconstitutional] policies.'" *Id.* (quoting *Johnson*, 948 F.2d at 1138); *see also Dilley v. Gunn*, 64 F.3d 1365, 1372 (9th Cir.1995). Cuda, who has been released from OCCC, has no reasonable expectation of returning to that facility. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.").[3]

---

[3]Cuda cannot represent others in a class action. *See White v. Geren*, 310 F. App'x 159, 160 (9th Cir. 2009) (upholding dismissal of class action claims because a pro se plaintiff cannot act as an adequate class representative) (citing Fed. R. Civ. P. 23(a)(4) (requiring class representative to be able "to fairly and adequately protect the interests of the class").

6

Claims against DPS, OCCC, and Defendants named in their official capacities are DISMISSED with prejudice.

## C. Overcrowding at OCCC

Cuda was a pretrial detainee at OCCC and his claims are therefore governed by the Fourteenth Amendment, which protects a pretrial detainee from punishment prior to an adjudication of guilt.[4] *Bell v. Wolfish*, 441 U.S. 520, 534-35 (1979). A pretrial detainee's condition of confinement violates the Fourteenth Amendment if it imposes some harm to the detainee that significantly exceeds or is independent of the inherent discomforts of confinement and is not reasonably related to a legitimate governmental objective or is excessive in relation to the legitimate governmental objective. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015).

Temporarily housing an inmate in a cell with more inmates than the cell was intended to hold, by itself, does not rise to the level of a constitutional violation. *Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981) (holding double-celling by itself does not violate the Eighth Amendment). There is no "one man, one cell principle lurking in the Due Process Clause." *Bell*, 441 U.S. at 542 (quotation marks

---

[4]"This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2004).

omitted). Thus, overcrowding has "no constitutional significance standing alone." *Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 471 (9th Cir. 1989).

To state a colorable overcrowding claim, an inmate must plausibly allege that the crowding caused an increase in violence, reduced the provision of other constitutionally required services, or reached a level that rendered the institution unfit for human habitation. *See id.*; *Hoptowit v. Ray*, 682 F.2d 1237, 1248-49 (9th Cir. 1982) (noting that overcrowding by itself does not violate the Constitution, but can lead to specific effects that might do so), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Cuda alleges that he slept and ate on the floor for at least three months while he awaited trial at OCCC. In *Thompson v. City of Los Angeles*, 885 F.2d 1439 (9th Cir. 1989), *overruled on other grounds by Bull v. San Francisco*, 595 F.3d 964, 977 (9th Cir. 2010), the Ninth Circuit found that a pretrial detainee's claim that he slept on a floor without a mattress for two nights in the county jail stated a claim. *Thompson* relied on *Lareau v. Manson*, 651 F.2d 96, 105 (2nd Cir. 1981), in which the Second Circuit held a prison's use of floor mattresses for pretrial detainees was unconstitutional without regard to the number of days of such confinement. *Thompson* held that floor-sleeping was inconsistent with due process. 885 F.2d at 1448 (citing *Rutherford v. Pitchess*, 457 F. Supp. 104, 109-110 (D.D. Cal. 1978)).

Cuda also alleges that he was involved in "physical altercations" with his cell mates due to the overcrowded conditions in their cell and at OCCC generally. Cuda plausibly alleges that the crowding at OCCC caused an increase in violence and reduced the provision of other constitutionally required services. This claim may be served after Cuda names a Defendant who can be linked to these allegations.

**D.     Doe Defendants 1-10**

The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, although Rule 10 requires a plaintiff to include the names of all parties in his complaint. Fed. R. Civ. P. 10(a). Doe defendants are generally disfavored, however, because it is effectively impossible for the United States Marshal to serve an anonymous defendant.

A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights. A plaintiff may then use the discovery process to obtain the names of doe defendants and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover the identities, or that the complaint will be dismissed on other grounds. *See Wakefield v. Thompson*,

177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Cuda names John and Jane Does 1-10, but makes no specific allegations against any specific Defendant in relation to his claims. That is, he fails to link any particular allegation to any specific, individual John or Jane Doe and explain how that individual personally violated his civil rights. This is insufficient to state a claim against any individual John or Jane Doe. Cuda will be granted leave to amend his pleading to allege specific facts that show how John and Jane Does 1-10 individually participated in his claims and violated his rights. If Cuda successfully does so, and his amended pleading is not otherwise subject to dismissal, he will be allowed to pursue early discovery to discover the identities of the Doe Defendants, and then substitute their names and effect service of his claims as limited herein.[5]

---

[5] Cuda is ultimately responsible for determining the identity of the Doe Defendants and then requesting the Court to issue a Summons and direct service upon them. He is cautioned that "authorities clearly support the proposition that Doe defendants must be identified and served within 90 days of the commencement of the action," and may be dismissed for failure to effect service after that time unless the he can show good cause for the failure to timely serve them. *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill.1995) (citing *Gillespie*, 629 F.2d at 643); Fed. R. Civ. P. 4(m) & 15(c)(1).

### III. LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend. Cuda may file an amended complaint on or before [INSERT DATE], 2019, that provides sufficient information to link Doe Defendants 1-10 personally to his claim of overcrowding at OCCC. Cuda may not expand his claims beyond those already alleged or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint. Claims that do not properly relate to his original pleading are subject to dismissal.

In amending his pleadings, Cuda must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires an amended complaint to be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint supersedes the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). If Cuda fails to timely file an amended complaint that cures the deficiencies in his claims noted in this Order,

this action may be automatically dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[6]

## IV. CONCLUSION

(1) The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1). Specifically, Cuda's claims against the Department of Public Safety, the Oahu Community Correctional Center, and against any official capacity Defendant for injunctive relief fail to state a colorable claim for relief and are dismissed with prejudice.

Cuda's claim regarding unconstitutional overcrowding at OCCC states a claim and may be served, after Cuda first, properly alleges the specific acts or omissions that each Doe Defendant took that violated his rights, and then, identifies at least one Doe Defendant so that the operative complaint can be timely served.

(2) Cuda may file an amended pleading that complies with the Court's directions on or before June 14, 2019.

---

[6] 28 U.S.C. § 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(3)  The Clerk is directed to send Cuda a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his complaint.

(4)  If Cuda fails to timely amend his pleadings or cannot cure the deficiencies noted above, this suit may be AUTOMATICALLY DISMISSED without further notice.

IT IS SO ORDERED.

DATED: May 9, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Brandon Joseph Cuda vs. Employees/Contractors/Agents At Or OCCC and Or Dep't Public Safety*; Civil No. 19-00084 DKW-KJM; **ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND**

*Cuda v. Employees/Contractors/agents at or OCCC and or Dept' of Public Safety*, No. 1:19-cv-00084 DKW-KJM; J:\PSA Draft Ords\DKW\Cuda 19-84 dkw (ovrcwdg, sleep floor, viol. Doe Ds).wpd

13